IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 8:10-CR-425-TMC |
| versus ) | |
| ) | **AMENDED** |
| JOHN MARK MARINO, ) | **OPINION and ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court pursuant to John Mark Marino's ("Marino") Motion To Vacate Judgement And Sentence and to Withdraw Guilty Plea filed pursuant to Title U.S.C. 2255. The grounds for this Motion are set forth as follows: (1) that the offense of conviction lacks essential elements of the offense; (2) that Marino's admissions, at the Rule 11 hearing and throughout the proceedings, were inconsistent with an essential element of the offense and lacked a sufficient basis for the court's acceptance of a guilty plea; and (3) that Marino was deprived of the effective assistance of counsel.

**PROCEDURAL HISTORY**

Marino was originally charged with Conspiracy to commit mail fraud, in violation of 18 USC 1341, and wire fraud, in violation of 18 USC 1343 (Dkt. # 1). He was subsequently indicted for violations of Title 18, U.S.C., Sections 1343 and 2.

Marino entered a plea of **GUILTY** before the Honorable Henry F. Floyd, United States District Court Judge, to Count 1 of an Information (Dkt. # 45) which charged him with violation of 18 U.S.C. Section 1028 A (c) (4) after waiving Indictment on May 25, 2010 (Dkt. #43). In exchange for this guilty plea, the above referenced indictment was dismissed. The Information alleges that Marino did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a violation of Title 18, United States

Code, Section 1028 A (c) (4), to wit, the Defendant did assume the identity of an actual New York State licensed attorney at law and did obtain and use that attorney's New York Bar License Number to convince people that he was that attorney in order to advance a scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; All in violation of Title 18, United States Code, Section 1028 A (a) (1). (Dkt. # 42).

After a presentence investigation and report, Marino was sentenced to the minimum statutory term of imprisonment of 24 months and ordered to report to the Bureau of Prisons no later than January 1, 2011.  Judgment was entered on September 20, 2011.  He thereafter filed a Notice of Intent To Appeal on October 8, 2010, pro se, as "John Marino Juris Doctor" (Dkt. # 70).  Marino thereafter was represented by various attorneys until retaining his present counsel of record.  Marino's appeal to the United States Court of Appeals for the Fourth Circuit was dismissed on February 1, 2011 (Dkt. # 95).  Marino filed a Motion to Vacate Judgement and Sentence and to Withdraw Guilty Pleas (Dkt. # 93) and a Motion To Schedule Hearing on June 3, 2011 (Dkt.# 108).  This case was reassigned to the undersigned on October 27, 2011 (Dkt. # 112).

After a thorough review of the record in the case, to include the subject Motions, the response of the United States of America (the "Government") and the Reply thereto, together with the transcripts of the proceedings before Judge Floyd at the guilty plea and sentencing hearings, the court finds that a hearing on the Marino's Motion to Vacate Sentence and Withdraw Guilty Plea is unnecessary, as the same reflects conclusively that he is not entitled to the relief he has requested.  28 U.S.C. 2255 (b).

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or Laws of the United States and was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. 2255.

## FACTUAL AND LEGAL ANALYSIS

The Government asserts that Marino may not attack the validity of his guilty plea for the first time in a Section 2255 petition, citing the case of <u>Bousley v. United States,</u> 523 U.S.614 (1998). The Government takes the position that Marino may not utilize Section 2255 to litigate issues which could have been, but were not, raised on direct appeal absent a showing of cause and actual prejudice, or actual innocence. In <u>Bousely,</u> the Defendant entered a plea of guilty to using a firearm in violation of 18 U.S.C. Section 924 (c) (1) and thereafter appealed his sentence, but did not challenge the validity of his guilty plea. He thereafter sought a writ of habeas corpus under Section 28 U.S.C. 2241, challenging the factual basis for his guilty plea. A magistrate judge recommended that the petition be treated as a motion under 28 U.S.C. 2255 and recommended dismissal. The Supreme Court held that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and "actual prejudice", or that he is "actually innocent." In his response, Marino asserts that he is neither attacking the voluntariness nor the intelligence of his guilty plea, but alleges he entered a plea of guilty to a non-existent crime, resulting in a miscarriage of justice. Marino contends that there was no admission of fraud on his part and that he is, therefore, innocent of the crime charged.

Marino states that the offense of conviction lacks essential elements of the offense and that his admissions, at the Rule 11 hearing and throughout the proceedings, were inconsistent with an essential element of the offense, such that, as a result of which there was not a sufficient basis for the court's acceptance of a guilty plea. He asserts that the gravamen of the offense to which he admitted guilt is the unlawful use or possession of another's identity during and in relation to the felony of wire fraud as set out in 18 U.S.C. 1343, and that the Government failed to establish that the use of another's identity was during and in relation to a scheme or artifice to defraud, and that the government did not show that the fraudulent scheme alleged was a wire fraud. However, a review of the transcript of the guilty plea proceeding (Dkt. 85) reflects that Marino pleaded guilty to this very conduct and offense. A review of the plea colloquy between Judge Floyd and the Defendant is instructive:

> "THE COURT: Now, have you received a copy of the information, that is the written charge against you in this case?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Now, the indictment alleges - - I mean, the information alleges that from in or about March 2010, in the District of South Carolina, you did knowingly possess and use without lawful authority a means of identification of another person during and in relation to a violation of Title 18 of the United States Code, Section 1343, a felony listed in Title 18 of the United States Code, Section 1028 (c) (4), to wit, you did assume the identity of an actual New York State licensed attorney and did obtain and use that - - that attorney's New York bar license number to convince people that you were an attorney in order to advance a scheme and artifice to defraud in violation of Title 18 of the United States Code, Section 1343.
>
> THE DEFENDANT: Yes, your Honor."  (Dkt. # 85, at 9, 10)

The court went on to list the elements the Government would have to prove before the Defendant could be found guilty and further inquired of the Defendant as follows:

> "THE COURT:  Do you believe the government can prove those elements?

THE DEFENDANT:  I do, your Honor."  (Dkt. # 85 at 10).

The Assistant United States Attorney advised the court that during the course of a multi-year undercover operation, law enforcement agents came into contact with Marino, who during the course of the investigation "made certain false statements to induce us to invest, including telling us he'd always been successful in the past in this investment, not revealing certain things about his background." (Dkt. # 85, at 11).  Upon further inquiry by the court at the plea hearing, Marino, when asked if he agreed with the material facts as stated by the Government, responded in the affirmative (Dkt. # 85, at 12).  In addition, during the plea colloquy, upon inquiry by the court as to whether or not anyone had told him how to answer the court's question, Marino responded by saying "No.  I have experience in this." (Dkt. # 85, at 17).  Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and similarly, findings by a sentencing court in accepting a plea "constitute a formidable barrier" to attacking the plea.  U.S. v. Lambey, 974 F.2d 1389 (4th Cir.1992).  All of Marino's statements in response to the court's questioning were given while he was under oath and after he had been advised by Judge Floyd that if he answered falsely, his answers could later be used in another prosecution for perjury or making a false statement (Dkt. # 85, at 4).

Marino's assertion that there is nothing in the record to support an underlying fraud cognizable under Title 18 U.S.C. is inaccurate.  Marino, for the first time at the sentencing hearing, mentioned his belief that there was no actual fraud involved in the investment scheme in which he was involved, and that it was his good faith belief that "There was nothing wrong, absolutely nothing wrong" with the plan itself (Dkt. #86, at 8).

Marino's stated hope or belief that the investment scheme might or would work, or the claim that some investors have not lost money, is not relevant to the inquiry at hand.  No amount

of honest belief that an investment scheme would eventually succeed can excuse the willful misrepresentations by which investor's funds are obtained, as an investor may be defrauded if his reliance is induced by false statements of fact, such that a Defendant's optimism is no defense. A scheme to defraud may consist of suggestions and promises as to the future, not made in good faith but with deceptive intent.  U.S. v. Painter, 314 F.2d 939 (4th Cir. 1963).  Within the meaning of Title 18, U.S.C. Section 1343, a "scheme or artifice to defraud" can be shown by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or avert further inquiry into a material matter.  U.S. v. Colton, 231 F.3d 890 (4th Cir. 2000).

In the present case, there is no dispute that Marino, a former attorney in the state of Pennsylvania who was previously disbarred, (a fact withheld from undercover agents posing as investors) in order to induce investors to participate in his investment vehicle, made material misrepresentations as to his past involvement and success with the investment.  It is also undisputed that he used a fictitious name, and that in furtherance of the scheme, used the name, persona and New York State Bar Identification number of a practicing attorney in the state of New York.  Accordingly, the court finds Marino's claims that the offense of conviction lacks essential elements of the offense and/or that there was no factual basis for acceptance of his guilty plea, to be without merit.  Marino also asserts that during the plea hearing, no mention of the use of the wires was made.  However, he does not claim that such communications did not take place with government agents.  Such a claim is not sufficient to make a showing of actual innocence.  Bousley, at 624.  Marino, under the facts of this case, cannot show cause, actual prejudice or that he is "actually innocent" of the charge to which he admitted guilt.

In further support of his Section 2255 Petition, Marino claims that he was deprived of the effective assistance of counsel.  In proffering this argument, he alleges that his attorney "failed to

investigate the defendant's strenuous and continuous claim that the investment, which he offered to the government was legitimate, and that there was no fraud".  The court has fully addressed the argument as to Marino's alleged belief as to the viability of his investment scheme, and accordingly finds this argument to be without merit.

Finally, Marino complains that his attorney failed to challenge the government's assertion at the sentencing hearing that there was nothing that the government could do to ameliorate the effects of the mandatory minimum sentence associated with Title 18 U.S.C. 1028A, by reason of the provisions of Title 18 U.S.C. 3553 (e) and U.S.S.G. Section 5K1.1.  In response, the Government acknowledges that at the sentencing hearing, counsel for the Government mis-spoke when he stated that a motion pursuant to Section 5K1.1 could not apply to a violation of 18 U.S.C. 1028A.  However, the Government maintains that such a motion was never a possibility, as Marino's plea to the 1028A violation was specifically negotiated in order to insure a definite sentence of two years, an assertion which is supported by the record of the plea hearing in this case.  At the plea hearing, the Government specifically stated that other charges were being dismissed as a result of plea negotiations.

At the commencement of the plea hearing, and at the call of the case, the Assistant U.S. Attorney advised the court as follows:

> "We have entered into an agreement where we would plead him to a different charge on a felony information which I filed with the clerk and we would agree to dismiss the original indictment in exchange for that plea" (Dkt. # 85, at 2).  When the judge asked if there was a plea agreement in the case, the Government responded by stating "Nothing beyond our agreement that we'll dismiss the original indictment" (Dkt. # 85, at 15).

In further support of its position that no motion for a downward departure of the Defendant's sentence would be made, the Government cites Marino's extensive prior deceptive conduct and criminal record.  This includes that Marino, born under the name of Ronald Ziets, changed his name to Ronald Mark Hunter in 1967, and thereafter graduated from law school and practiced law in Pennsylvania until disbarred.  In October 1979, Marino, under the name of Ronald Mark Hunter, was sentenced for Conspiracy to Commit Mail fraud.  In March 1989, he was sentenced to prison for Passing Counterfeit/Forged Cashier's Checks.  In August 2000, Marino, again under the name of Ronald Mark Hunter, was sentenced to prison for Conspiracy to Commit Mail fraud and Wire Fraud.  In April 2005, Marino changed his name from Ronald Mark Hunter to John Mark Marino through an Order of the District Court in Clark County, Nevada.[1]

This history gives credence to the Government's argument that it would not have sought a reduction in Marino's sentence below the mandatory minimum sentence imposed by the court.  Based upon the facts of the case, there is no reasonable probability that had the point been raised by counsel, a motion for a reduction in sentence would have been made.  Further, a motion for a reduction in sentence for substantial assistance by a defendant is the Government's motion to make.  § 5K 1.1.

---

[1] In its Response to the Petitioner's Motion, the government cites numerous other false statements made by Marino to induce investment. These included statements that the Defendant owned a home in Whetstone, New York; that he was a partner in a law firm; that his law firm included attorneys licensed in the State of Florida; that his law firm represented the CIA; that he was associated with European government figures, to include the head of the Central Bank of Cypress with whom he lunched regularly; that he had previously acted as legal counsel for Deutsche Bank; that he had significant political connections in the United States; that he had operated the same investment program in the past and that he had invested his own funds in it; that his family had been associated with Frank Marinaro's family in business ventures for many years; that a European trading platform that he was associated with was run by a former United States District Court Judge; that he had another charity which had invested $5,000,000.00 with him; that his law firm represented numerous unions that he was working with concerning this same investment; that he had never been arrested; and that he had never heard of Mark Hunter. It is undisputed that all of these statements are false.

With respect to the remaining portion of Marino's argument concerning his claim for ineffective assistance of counsel, this court, based upon the record, cannot conclude that Marino was deprived of his right to the effective assistance of counsel afforded him by the 6th Amendment to the Constitution of the United States. To establish ineffective assistance of counsel, a defendant must show both deficient performance by counsel and prejudice. Knowles v. Mirzayance, 556 U.S. III (2009). To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S., at 688 (1984). A defendant claiming ineffective assistance of counsel must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome, which requires a substantial, not just conceivable, likelihood of a different result. Cullen v. Pinholster, 131 S.Ct. 1388 (2011). If a determination is made that there was no prejudice as a result of the claimed error, then it is not necessary to address the performance prong. Poyner v. Muray, 964 F.2d 1404, (4th Cir. 1992).

As stated herein, in this instance, it is sufficiently clear that, in light of (1) the Government's agreement to dismiss the prior indictment in favor of allowing Marino to plead guilty to the Information which is the subject of his claim, (2) Marino's prior criminal record and conduct of misrepresentation in the offense to which he pled guilty, and (3) the Government's assertion that a 5K motion would not have been forthcoming at sentencing, had Marino's counsel requested a 5K motion on the record, the request would have been denied by the Government. Hence, failure of Marino's counsel to seek such a motion caused him no prejudice.

**CONCLUSION**

Marino's claim is procedurally barred because he did not pursue it on direct appeal. As he has made no showing of cause and actual prejudice or actual innocence, his claim is procedurally barred. Further, Marino has failed to show that he was deprived of the effective assistance of counsel.

It is, therefore,

**ORDERED** that the Motion To Vacate Judgement And Sentence And To Withdraw Guilty Plea (Dkt. # 93) under 28 U.S.C. § 2255, as well as the Motion Requesting a Hearing on § 2255 Petition (Dkt. # 108) are hereby **DENIED**.

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 10, 2012
Greenville, South Carolina